```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA


WARREN A. TRANCHINA                            CIVIL ACTION

VERSUS                                         NUMBER: 05-5035

UNITED STATES OF AMERICA                       SECTION: "K"(5)
```

### REPORT AND RECOMMENDATION

The above-captioned matter is a malpractice action that was brought by plaintiff, Warren A. Tranchina, Jr., through counsel, against the United States of America through the Veterans Administration and the Veterans Administration Medical Center in New Orleans. (Rec. doc. 1). After issue was joined, a scheduling conference was held on July 14, 2006 at which a trial date and attendant cut-off dates were established. (Rec. docs. 5, 7). By way of a motion to compel subsequently filed by the defendant, the Court learned that plaintiff had passed away after filing suit for reasons unrelated to the alleged malpractice and that his heir had not yet made a decision as to whether she wished to pursue this

litigation further.  (Rec. docs. 8, 10).  No opposition to defendant's motion to compel was filed and it was granted on October 11, 2006 with responses to be provided within twenty (20) days.  (Rec. doc. 11).

After twenty (20) days had passed and defendant had received no discovery responses as ordered by the Court, it filed a motion for discovery sanctions.  (Rec. doc. 12).  At the hearing held on that motion on November 2, 2006, the Court requested the mailing address of plaintiff's next-of-kin, Ms. Toni Tassin, so that she could be queried personally as to her desire to proceed with this case.  (Rec. doc. 18).  Ms. Tassin ultimately appeared before the Court on January 3, 2007 and was given thirty days within which to confer with counsel and to substitute herself as the proper party-plaintiff herein, absent which it would be assumed that she chose not to litigate this case any further and that it would be dismissed accordingly.  (Rec. doc. 22).  That thirty-day time period has now passed and there has been no substitution which would allow this ligation to proceed.

Rule 17(a) of the Federal Rules of Civil Procedure provides that "[e]very action shall be prosecuted in the name of the real party in interest."  Where, as in the present case, a personal injury plaintiff expires who leaves behind no surviving wife, children, or parents, the right of action inures to the benefit of the decedent's surviving sibling.  LSA-C.C. Art. 2315.1(A)(3). Because Ms. Tassin is now the real party in interest, her failure to substitute herself as the proper party plaintiff means that this

case cannot proceed further.  It will therefore be recommended that the above-captioned matter be dismissed without prejudice.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the above-captioned matter be dismissed without prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  9th   day of   February  , 2007.

_____
UNITED STATES MAGISTRATE JUDGE

CLERK, PLEASE SERVE ALL
PARITIES AND:

Ms. Toni Tassin
46306 Charles Drive
Hammond, LA  70401